IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DANA M. BREWER                                                                               PLAINTIFF

V.                                                          CAUSE NO.: 4:11CV130-SA-JMV

ALLIANCE HEALTHCARE SERVICES
d/b/a ALLIANCE ONCOLOGY                                                              DEFENDANT

MEMORANDUM OPINION

Defendant Alliance Healthcare Services (Alliance) seeks summary judgment with regard to Plaintiff's age and gender discrimination claims. As Plaintiff has failed to present sufficient evidence to establish a genuine dispute of material facts as to those claims, Alliance's Motion for Summary Judgment [49] is GRANTED.

*Factual and Procedural Background*

Dana Brewer was hired as a part-time radiation therapist for Bethesda Cancer Center, a privately-owned entity, in January 2005. Initially, she was stationed at the Cancer Center in Greenville, but in April of 2005, she was transferred to the facility in Clarksdale, Mississippi for full-time work as a radiation therapist. In both places, Brewer worked with Dr. William Richards, the medical director of Bethesda Cancer Center. Dr. Richards worked three days a week in Greenville, but two days a week, he, his assistant Cindi Underwood, and another radiation therapist Lana Aguzzi, traveled to Clarksdale. The three days a week that Dr. Richards was not in Clarksdale, Brewer and Jennifer Corso, a receptionist, were the primary employees at the Clarksdale facility.

In November of 2007, Alliance Healthcare Services, a publicly-traded corporation, purchased Bethesda and Bethesda's employees filled out paperwork to become Alliance employees.

In the Fall of 2008, Plaintiff left the Clarksdale facility early without informing her supervisors she was leaving. Cindy Wells, the Director of Operations for Alliance, came to the Clarksdale facility to talk to Brewer regarding her leaving the facility early without completing her work tasks. Wells memorialized that meeting with a note to Brewer's personnel file. That note indicated that Wells additionally addressed "Dana's general negative behavior that often permeates the office," and listed that Brewer has a "tendency to get angry and say inappropriate things, both to co-workers and often within earshot of the patients." Further, Wells noted that other staff members expressed concern that Brewer "conducts herself in a way not conducive to a positive work environment." Alliance contends Brewer's outbursts of anger and complaints permeated the work environment throughout her employment.

In September of 2010, Cindy Wells responded to an email sent by Brewer asking for "areas of my performance that you feel I need to focus on before the next appraisal." Wells identified Brewer's continued "behavioral issues" that had been discussed before. Wells specifically mentioned as problematic:

> The constant complaining about anything from "why isn't this patient [] being treated in Memphis," to whether the physics, dosimetry and therapist support there is adequate for you, speaking negatively in a loud voice so that our competency is questioned by patients, to putting notes in a patient's chart that are inappropriate, to complaining that we are not providing the right amount of staff at the center to support what is often times less than 6 patients a day, is creating a hostile work environment that is not acceptable. I have been told that people are dreading Clarksdale days because of your ongoing complaining about pretty much everything. . . . If you are not happy and cannot change your attitude to one that is acceptable, you need to find a place you can work that doesn't make you so unhappy, or I'll have to make some difficult decisions.

On October 17, 2010, Jennifer Corso, the receptionist at the Clarksdale Alliance facility, emailed Cindy Wells complaining about Dana Brewer's attitude in the office. Specifically, she noted that Brewer disrespected Alliance, Dr. Richards, and her co-workers, constantly stated how

2

unhappy she was with Alliance, was never in a good mood, pitched temper tantrums, stomped her feet, got red in the face, and raised her voice. Corso went on to note, "I am truly concerned that she might actually hurt someone and honestly feel that could even be me." Cindy Wells testified that because Brewer failed to correct her abusive behavior, she was terminated in December of 2010 for questioning the doctor on treatment plans, having angry outbursts in the office, oversharing her personal issues at the office, and just generally not functioning well as a team member and not living the values of the company.

At the time of her discharge, Dana Brewer was a 52 year old female. Brewer contends she was terminated in violation of Title VII and the Age Discrimination in Employment Act (ADEA). In support of her contention that she was discrimination against based on her gender, age, or age and gender, she cites several statements allegedly made by Dr. William Richards. Brewer also notes that because others in her office engaged in the same type of behavior she did and were not punished, she has met her burden for providing evidence of discrimination.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. TIG Ins.

Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The court must resolve factual controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion and Analysis*

Title VII prohibits employers from discriminating based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Where, as here, a plaintiff only relies on circumstantial evidence, we apply the framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), for both Title VII and ADEA claims. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (ADEA). Pursuant to that framework, Brewer first must make a prima facie case of discrimination based on age or gender. Vaughn v. Woodforest Bank, 665 F.3d 632, 636 (5th Cir. 2011); Rachid v. Jack In The Box, Inc., 376 F.3d

4

305, 309 (5th Cir. 2004). To establish a prima facie case, Brewer must show that she: (1) was a member of a protected group; (2) qualified for the position in question; (3) was subjected to an adverse employment action; and (4) received less favorable treatment due to her membership in the protected class than did other similarly situated employees who were not members of the protected class, under nearly identical circumstances. Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745, 660 F.3d 211, 213 (5th Cir. 2011); Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003). Brewer can also establish her prima facie case of gender discrimination by showing that she was replaced by someone who is not a member of the protected class. As to her age discrimination claim, Brewer can satisfy the fourth prong by showing that she was "either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." Rachid, 376 F.3d at 309 (citation omitted).

If Brewer makes a prima facie case, the burden then shifts to Alliance to "articulate a legitimate, non-discriminatory reason" for terminating her. Vaughn, 665 F.3d at 636. If it does so, Brewer must, as to her Title VII claim, "offer sufficient evidence to create a genuine issue of material fact either (1) that [Alliance's] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [Alliance's] reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is [Brewer's] protected characteristic (mixed-motives alternative)." Id. (citation omitted). As to her ADEA claim, Brewer "may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." Moss, 610 F.3d at 922 (internal quotation marks and citation omitted). Unlike Title VII, it is insufficient under the ADEA to show that discrimination was a motivating factor; Brewer must show that age was the "but for"

cause of the challenged adverse employment action. Id. at 928 (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 173-78, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)).

Plaintiff has carried her burden of proving a prima facie case under the ADEA. She was fifty-two years old at the time of her termination in December 2010, see 29 U.S.C. § 631(a) (protecting individuals "who are at least 40 years of age"), and she was indisputably qualified for the position of radiation therapist. Plaintiff was terminated and replaced by someone outside the protected class. That is, Plaintiff was replaced by a male in his mid to late twenties. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13, 116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996); Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010). Accordingly, Plaintiff has demonstrated a prima facie case under the ADEA for purposes of summary judgment.

Brewer has also met her prima facie burden for her gender discrimination claim. There is no dispute that she falls into a protected class, was qualified for her position, and suffered an adverse employment action. Moreover, Plaintiff has shown that she was replaced by a male. Plaintiff has failed, however, to meet the fourth prong by establishing a sufficient comparator. Indeed, Plaintiff has not demonstrated that she "received less favorable treatment due to her membership in the protected class than did other similarly situated employees who were not members of the protected class, under nearly identical circumstances." Wesley, 660 F.3d at 213. Plaintiff points to Lana Aguzzi as a sufficient comparator, however, Lana Aguzzi is a female, and thus, is in the same protected category as Plaintiff. See Williams v. Trader Publ'g Co., 218 F.3d 481, 484 (5th Cir. 2001) (to prove disparate treatment, "plaintiff may use circumstantial evidence that she has been treated differently than similarly situated non-members of the

protected class").[1]  Accordingly, while Plaintiff has surpassed her prima facie burden of establishing gender discrimination on the basis of her replacement being male, she has failed to establish Lana Aguzzi as a sufficient comparator.

Once the prima facie burden has been established, the burden thus shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action. Here, Alliance maintains that it terminated Plaintiff because of her poor workplace behavior and continued complaints. This articulated reason satisfies Defendant's burden. Because Alliance has stated legitimate, nondiscriminatory reasons for terminating Plaintiff's employment, Plaintiff must present evidence from which a reasonable jury could conclude that Defendant's stated reasons for her termination are pretexts for age discrimination.

Brewer contends that several comments made by Dr. Richards during the work day constitute evidence that she was terminated based on her age or gender. Those comments, in particular, are alleged as follows:

1. Dr. Richards' commented that his least favorite patients to deal with were "older Delta white women."
2. Dr. Richards' said on one occasion that the women on his staff were stupid.
3. Dr. Richards advised Brewer that he told a patient that Brewer was "no spring chicken."
4. Dr. Richards asked Plaintiff if she forgot to turn the machine on with respect to one patient as the patient's skin looked like she had not been getting treatment. He further commented to the patient that Brewer was "getting on up there, you know."

---

[1] To the extent that Plaintiff attempts to bring a claim based on her being an ADEA-protected female, the Court finds this claim fails. The Court notes that there is some disagreement among lower courts as to how the "but-for" standard for discrimination under the ADEA applies when a plaintiff pleads and pursues alternative theories of liability. Compare Culver v. Birmingham Bd. of Educ., 646 F. Supp. 2d 1270, 1271 (N.D. Ala. 2009) (the "only logical inference to be drawn from Gross is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive involved") with Belcher v. Serv. Corp. Int'l, No. 2:07-CV-285, 2009 U.S. Dist. LEXIS 102611, at *8 (E.D. Tenn. Nov. 4, 2009) ("While Gross arguably makes it impossible for a plaintiff to ultimately recover on an age and a gender discrimination claim in the same case, the undersigned does not read Gross as taking away a litigant's right to plead alternate theories under the Federal Rules."). The Court notes that the Fifth Circuit has reviewed cases involving both age and another protected characteristic, but has failed to extend coverage under the ADEA or Title VII to combined classifications, i.e. older women. See Cherry v. CCA Props. Of Am., LLC, 438 F. App'x 348, 351 (5th Cir. 2011) (analyzing plaintiff's claims on the basis of her race, sex, and age independently, instead of as an "older African American female" as she attempted). Accordingly, the Court does not recognize an "older female" as a distinct class for purposes of analysis.

5. Dr. Richards referred to a patient's large breasts as "puppies."
6. Dr. Richards advised Plaintiff that he told a patient Brewer was "older and carrying some extra weight" so would need assistance from family members to move the patient.
7. Dr. Richards referred to Plaintiff as "mature" and told Plaintiff to precede others into rooms because she was "older and bigger" on some occasions.
8. Dr. Richards commented to a male recently hired that he was glad to have a man in the office as it was hard to deal with all the hormonal women.
9. Plaintiff also asserts Dr. Richards' comment asking about her car, "whose piece of shit is that?," was a sexist comment.

In regards to workplace remarks, the Fifth Circuit has explained that "comments are evidence of discrimination only if they are 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue. Comments that do not meet these criteria are considered stray remarks . . . ." Jackson, 602 F.3d at 380. Thus, "'comments that are vague and remote in time are insufficient to establish discrimination.'" Spears v. Patterson UTI Drilling Co., 337 F. App'x 416, 420 (5th Cir. 2009) (quoting Brown v. CSC Logic, Inc., 82 F.3d 651, 655 (5th Cir. 1996)).

Many of the comments do not satisfy the first prong for determining if comments are evidence of discrimination. However, because all comments fail the second and third prongs, the Court addresses those here. As to the proximity in time to her termination, the Court finds these comments fail to constitute evidence of discrimination. Although Plaintiff did not specify a date as to when many of these comments were made, most of the comments made by Dr. Richards are too remote in time to conclusively demonstrate any animus. See Guthrie v. Tifco Indus., 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S. Ct. 1267, 117 L. Ed. 2d 495 (1992) (statements made one year before adverse employment action held too vague and remote in time to establish discrimination); Tillman v. S. Wood Preserving of Hattiesburg, Inc., 377 F.

App'x 346, 2010 U.S. App. LEXIS 9181, at *6 (5th Cir. 2010) (affirming district court's dismissal of all claims based on events occurring more than 180 days prior to filing of EEOC charge). Brewer noted that the "spring chicken" comment was made in 2006 and maybe in 2007, at least three years prior to her termination. She testified that the statements that she was "old" or "older" or "mature" were made between 2006 and 2009, and the comment about her forgetting to turn on the machine was made in either 2009 or 2010 according to Plaintiff. The "hormonal women" statement was made in 2006. Plaintiff had not recollection of the timeline on the remaining comments. As such, based on the fact that most of the comments were made at least over one year before Plaintiff was terminated, they are considered "stray remarks" insufficient to demonstrate discrimination based on Plaintiff's sex or age. See <u>Sreeram v. Louisiana State Univ. Med. Ctr. - Shreveport</u>, 188 F.3d 314, 320 (5th Cir. 1999); <u>Brown</u>, 82 F.3d at 656 (upholding summary judgment in favor of defendant in ADEA case were strong evidentiary support for defendant's cost cutting rationale was not outweighed by age-related comments, such as "old goat" and "you just can't remember, you're getting too old," made close in time to termination of plaintiff by individual who terminated plaintiff).

Plaintiff has additionally failed to show that the comments were made by an individual with authority over the employment decision at issue. There was testimony that prior to Alliance acquiring the independently-owned Bethesda Cancer Center Dr. Richards had some persuasion as to employment decisions because of his close personal relationship with a manager of that company. Indeed, the evidence is undisputed that Dr. Richards supported hiring Brewer for the Clarksdale radiation therapist position when the prior twenty-something year old male radiation therapist was terminated. However, the record is undisputed that after Alliance purchased Bethesda, Cindy Wells was hired to make those personnel and operational decisions.

There is no evidence that Plaintiff's termination was made by anyone other than Cindy Wells. The testimony established that Dr. Richards was not involved in any employee evaluations, discussions on employment issues, or consulted for hiring or disciplinary proceedings. Accordingly, Dr. William Richards was not an individual with authority over the employment decision at issue. In fact, Dr. Richards testified that he was made aware prior to Plaintiff's termination that she would no longer be working at the Clarksdale facility, but was not provided the specific reasons for the termination.

Even if Dr. Richards was involved in the termination, the Court finds that pursuant to the "same actor inference" recognized in the Fifth Circuit, Plaintiff has failed to raise a genuine dispute of material fact that she was terminated because of her age. As the Fifth Circuit has recognized, it "hardly makes sense for an employer to hire employees from a group against which [the employer] bears [] animus and then turn around and fire them once they are on the job." Hervey v. Miss. Dep't of Educ., 404 F. App'x 865, 871 (5th Cir. 2010). The "same-actor inference" is based on common sense and mitigates against a finding of pretext, requiring a plaintiff like Brewer to come forward with more than a tenuous inference of pretext to meet her burden of proof. Anderson v. Miss. Baptist Med. Ctr., 2011 U.S. Dist. LEXIS 92656, 2011 WL 3652210, *3 n.4 (S.D. Miss. Aug. 18, 2011).

As further evidence of pretext, Plaintiff asserts that she was terminated for behaviors that everyone else in her office engaged. Plaintiff fails to differentiate herself from the others in the office.[2] She has presented no evidence that Cindy Wells actually had knowledge that the others were behaving in the same way, and she admits that she never reported to Cindy Wells that the others were engaged in any behavior improper in the workplace. See James v. Fiesta Food Mart,

---

[2] At the time of her termination, Cindi Underwood, Dr. Richards' assistant was 49 years old, and Jennifer Corso was 51 years old.

Inc., 393 F. App'x 220, 224-25 (5th Cir. 2010) (affirming district court's grant of summary judgment where the plaintiff failed, inter alia, to allege that any officials in management knew about the alleged actions taken by co-workers); Manning v. Chevron Chem. Co., 332 F.3d 874, 883 (5th Cir. 2003) (holding that plaintiffs cannot establish causal link when decision makers were unaware of activity).

Additionally, the fact that Cindy Wells, a female only two years younger than Plaintiff, made the decision to terminate Brewer lends credence to Alliance's position that her termination was not based on any age or gender animus. Indeed, other district courts have held that "if the decision maker and the plaintiff are the same [protected class], that fact tends to greatly undermine the inference of [] discrimination even if the decision maker's stated justification is disbelieved." Smith v. Equitrac Corp., 88 F. Supp. 2d 727, 742 (S.D. Tex. 2000).

Plaintiff has failed to meet her burden of establishing a genuine dispute of material fact that Defendant's decision to terminate the Plaintiff was based on or motivated by either her gender or age. The employment statutes at issue here "do[] not protect against unfair business decisions[,] only against decisions motivated by unlawful animus." Nieto v. L&H Packing Co., 08 F.3d 621, 624 (5th Cir. 1997). Plaintiff's allegations are insufficient to create a genuine issue of material fact: "subjective beliefs of discrimination cannot be the basis for judicial relief." Hervey, 404 F. App'x at 870.

*Conclusion*

Alliance has offered a legitimate, non-discriminatory reason for its employment decision and Brewer has not rebutted that reason with evidence that Alliance's reason was pretextual for discrimination or that her gender was a motivating factor for that decision. See Hervey, 404 F. App'x at 865 (citing Laxton v. Gap Inc., 333 F.3d 572 (5th Cir. 2003), and Rubinstein v.

11

Admin'rs of the Tulane Educ. Fund, 218 F.3d 392 (5th Cir. 2000) (summary judgment is proper for employer whether the offered reason is accurate or not and even where there is some evidence of pretext if there is overall lack of evidence of discriminatory intent)). Summary judgment, therefore, is appropriate on the Plaintiff's claim of gender and age discrimination.

SO ORDERED, this the 6th day of May, 2013.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**